Gary D. Sharp (SBN 116216)
gsharp@foleymansfield.com
T. Eric Sun (SBN 187486)
esun@foleymansfield.com
Andrew L. Sharp (SBN 292541)
asharp@foleymansfield.com
**FOLEY & MANSFIELD, PLLP**
2185 North California Blvd., Suite 575
Walnut Creek, CA  94596
Telephone:   (510) 590-9500
Facsimile:    (510) 590-9595

Attorneys for Defendant
**CROSBY VALVE, LLC**

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DENNIS HALE and LORA HALE,<br>             Plaintiffs,<br><br>         vs.<br><br>AIR & LIQUID SYSTEMS CORP., individually and as successor-in-interest to Buffalo Pumps, Inc.; ALFA LAVAL INC., f/k/a The DeLaval Separator Company; ARMSTRONG INTERNATIONAL, INC.; BW/IP, INC.; CBS CORPORATION, a Delaware Corporation, f/k/a Viacom Inc., Successor by Merger to CBS Corporation, a Pennsylvania Corporation, f/k/a Westinghouse Electric Corporation; CLARK-RELIANCE CORPORATION, as successor-in-interest to Jerguson Gauge and Valve; CRANE CO., individually and as successor-in-interest to Stockham Valves & Fittings Company, Chapman Valve Mfg. Co. and Alloy Steel Products Co.; CROSBY VALVE, INC.; CUMMINS INC.; ELLIOT COMPANY; FLOWSERVE US, Inc., as successor-in-interest to Durametallic Corporation; FLOWSERVE US, INC., as successor-in-interest to Edward Vogt Valve Co., Vogt Valve Company, Edward Valves, Inc., Nordstrom Audco, Inc., Nordstrom Valves, Inc., Rockwell Manufacturing Co.; FMC CORPORATION, individually and as successor-in-interest to Peerless Pump, Turbo Pump Operation, and Chicago Pump; FOSTER WHEELER LLC. f/k/a Foster Wheeler USA Corporation; GARDNER | Case No.:<br><br>Superior Court Case No.:    CGC-21-276981<br><br>**NOTICE OF REMOVAL** |

1
NOTICE OF REMOVAL

| | |
|---|---|
| 1 | DENVER, INC., individually and as successor-in-interest to Joy Manufacturing |
| 2 | Co.; GENERAL ELECTRIC COMPANY; IMO INDUSTRIES INC.; ITT LLC, f/k/a |
| 3 | ITT, INC., f/k/a ITT CORPORATION, individually and as successor-in-interest to |
| 4 | Bell & Gossett, Kennedy Valve Manufacturing Co., McDonnell & Miller, |
| 5 | Fabri-Valve, Hoffman Specialty Manufacturing Co.; JOHN-CRANE, INC., |
| 6 | individually and as successor-in-interest to CRANE PACKING COMPANY; KAISER |
| 7 | GYPSUM COMPANY, INC.; MUELLER STEAM SPECIALTY; NAVISTAR,.INC.; |
| 8 | PACCAR, INC.; PARKER HANNIFIN CORPORATION, individually and as |
| 9 | successor-in interest to Sacomo-Sierra, Parker Seal Company; and Rockwell |
| 10 | Mechanical Packing; SERVICE ENGINEERING CO.; STERLING FLUID |
| 11 | SYSTEMS (USA) LLC, dba and individually and as successor-in-interest to |
| 12 | PEERLESS PUMP COMPANY and INDIAN HEAD, INC.; THE GOODYEAR |
| 13 | TIRE & RUBBER COMPANY; THE WILLIAM POWELL COMPANY; TRIPLE |
| 14 | A MACHINE SHOP, INC.; VELAN VALVE CORP.; VIKING PUMP, INC.; |
| 15 | VOLVO TRUCKS NORTH AMERICA, INC.; WARREN PUMPS LLC, individually |
| 16 | and as successor-in-interest to WARREN PUMPS, INC.; WEIR VALVES & |
| 17 | CONTROLS USA, INC. f/k/a ATWOOD & MORRILL; WELCO MANUFACTURING |
| 18 | COMPANY; and DOES 1-500; |
| 19 | Defendants. |

21  Defendant CROSBY VALVE, LLC hereby removes this action from the Superior Court of

22  the State of California for the County of San Francisco to the United States District Court for the

23  Northern District of California based upon federal officer jurisdiction pursuant to 28 U.S.C.

24  §§ 1442(a)(1) and 446.

25  Crosby Valve, LLC provides the following statement of the grounds for removal:

**PRELIMINARY MATTERS**

27  1.  On or about November 15, 2021, Plaintiffs DENNIS HALE and LORA HALE filed

28  their civil action for personal injury entitled *Hale v. Air & Liquid Systems Corp., et al.,* in the

1. Superior Court of the State of California for the County of San Francisco, Case No. CGC-21-276981. A copy of the Complaint is attached hereto as **EXHIBIT ONE.**

2. On or about January 10, 2022, Crosby Valve, LLC was served with Plaintiffs' Complaint. See **EXHIBIT ONE.**

3. Crosby Valve, LLC's Notice of Removal is timely pursuant to 28 U.S.C. § 1446(b) because Crosby Valve, LLC is filing this Notice of Removal within thirty (30) days of receipt of Plaintiffs' Complaint.

4. Removal to the United States District Court for the Northern District of California is proper under 28 U.S.C. § 1441(a) because the Complaint was filed in the Superior Court of the State of California for the County of San Francisco, which is located within the jurisdiction of this District.

## NATURE OF THE CASE

5. The Complaint generally alleged that Plaintiff DENNIS HALE was occupationally exposed to asbestos-containing products and that he served in the United States Navy from 1960 to 1983. The Complaint alleged that Plaintiff was exposed to asbestos from products while serving as a Machinist Mate in the United States Navy. Defendant Crosby Valve, LLC manufactured valves. "Plaintiff, Dennis Hale, was exposed to asbestos of varied types and sources during his employment, which may have included, but is not limited to: adhesives/tape/mastic; automobiles; boilers; brakes; cloth; compressors; condensors; construction materials including joint compounds and drywall; desalination equipment; evaporators, economizers, fiber product; friction materials; gaskets; hoists, insulating cement; insulation/insulating materials; lifts; motors; oil purifying equipment; packing; pipecovering/block insulation; pumps; refrigeration equipment; sealants/coatings; steam generating equipment, valves; and other materials containing asbestos currently unknown or unspecified by plaintiffs. Plaintiff and others around him performed cleanup tasks using compressed air, push brooms, dry cloths and other tools after performing such tasks and other vehicle repair and maintenance. Such repair, maintenance and clean up caused plaintiff to be exposed to harmful respirable asbestos, which he breathed, and was a cause of his asbestos related disease." Exhibit One, Plaintiffs' Complaint.

///

**JURISDICTION**

6. Removal is proper under the federal officer removal statute, 28 U.S.C. § 1442(a)(1), which provides for removal when a defendant is sued for acts undertaken at the direction of a federal officer. Removal is appropriate, where the removing defendant establishes that: (1) the defendant is a person; (2) the defendant was acting under the direction of a federal officer when it engaged in the allegedly tortious conduct; (3) there is a causal nexus between the plaintiff's claims and the defendant's actions under federal direction; and (4) the defendant has raised a colorable defense based upon federal law. See *Mesa v. California*, 489 U.S. 121, 124-25, 129-31, 134-35 (1989). Here, Crosby Valve, LLC satisfies the four elements and is entitled to remove this action pursuant to the federal officer removal statute.

7. For the purposes of the federal officer removal statute, a corporation is a person. See *Winters v. Diamond Shamrock Co*., 149 F.3d 387, 398 (5th Cir., 1998); *Fung v. Abex Corp*., 816 F. Supp. 569, 572 (N.D. Cal., 1992).

8. Crosby Valve, LLC was acting under the direction of the United States Navy within the meaning of 28 U.S.C. § 1442(a)(1) in the design, manufacture, and sale of its valves for and to the United States Navy. Crosby Valve, LLC valves were designed and manufactured pursuant to precise contracts and specifications approved by the United States Navy. **See Declaration of Christopher P. Herfel, ¶¶13-20, EXHIBIT TWO.**

9. There exists a strong causal nexus between plaintiffs' claims and Crosby Valve, LLC's actions, in light of the specific direction and strict control of the United States Navy over the design and manufacture of Crosby Valve, LLC valves, thereby meeting the third element. *Winters*, 149 F.3d at 400 (the causal nexus test is met when the government (1) provided specifications for product composition, warnings and delivery, (2) compelled the defendant's manufacture of the product, and (3) supervised the defendant's actions). Plaintiff's claims against Crosby Valve, LLC depend solely on the actions taken by Crosby Valve, LLC in accordance and compliance with directions from the United States Navy.

10. Crosby Valve, LLC's government contractor defense is a colorable federal defense to plaintiff's claims. As set forth by the Supreme Court of the United States in *Boyle v. United*

*Technologies Corp.*, 487 U.S. 500, 512 (1988), the government contractor defense applies when: (1) the United States approved reasonably precise specifications; (2) the equipment conformed to those specifications; and (3) the supplier warned the United States about the dangers in the use of the equipment that were known to the supplier but not to the United States. *Hagen v. Benjamin Foster Co.*, 739 F.Supp.2d 770 (E.D. Pa. 2010) (Robreno, J.) (removal is appropriate under § 1442(a)(1) when "defendant identifies facts which, in the light most favorable to the defendant, entitle him or her to a complete defense.")

11. At this stage, Crosby Valve, LLC must show that its federal defense has some basis in law and fact, but is not required to win its case. See *Jefferson County v. Acker*, 527 U.S. 423, 431 (1999); *Mesa*, 489 U.S. at 128; *Fung v. Abex Corp.*, 816 F. Supp. 569, 573 (N.D. Cal., 1992).

12. Crosby Valve, LLC cannot be liable under state law for any injuries caused by Crosby Valve, LLC valves aboard a United States Navy vessel or at a United States Navy jobsite. As detailed above, the United States Navy provided Crosby Valve, LLC with precise specifications regarding its valves and Crosby Valve, LLC delivered valves that confirmed to those specifications. **See Declaration of Christopher P. Herfel, ¶¶15-20.** The United States Navy, as one of the leaders in industrial hygiene state of the art, possessed knowledge regarding the hazards of asbestos equal to or superior to its equipment suppliers, such as Crosby Valve, LLC. **See Declaration of Christopher P. Herfel, ¶¶21-25.** Crosby Valve, LLC has a colorable claim that it is entitled to immunity from state tort law in this action under the federal government contractor defense.

13. Federal officer removal should be interpreted broadly. Dur*ham v. Lockheed Martin Corp.*, 445 F.3d 1247, 1253 (9th Cir. 2006) (holding that "the Supreme Court has mandated a generous interpretation of the federal officer removal statute"). Indeed, the United States Supreme Court "has held that the right of removal is absolute for conduct performed under color of federal office, and has insisted that the policy favoring removal 'should not be frustrated by a narrow, grudging interpretation of § 1442(a)(1).' "*Arizona v. Manypenny*, 451 U.S. 232, 242 (U.S. 1981) (quoting *Willingham v. Morgan*, 395 U. S. 402, 395 U. S. 407 (1969)); *Camacho v. Autoridad de Telefonos de Puerto Rico,* 868 F.2d 482, 487 (1st Cir., 1989); *Harris v. Rapid Am. Corp.*, 532 F. Supp. 2d 1001, 1004 (N.D. Ill., 2007).

14. Crosby Valve, LLC is not required to obtain the consent of any other defendants in this action to remove this action in its entirety under § 1442(a)(1). See *Ely Valley Mines, Inc. v. Hartford Acc. & Indem. Co.*, 644 F.2d 1310, 1314 (9th Cir., 1981); *Akin v. Ashland Chem. Co.*, 156 F.3d 1030, 1034 (10th Cir., 1998).

15. In the event of a motion to remand this action, Crosby Valve, LLC respectfully requests an opportunity to respond more fully in a supplemental memorandum.

16. As required by § 1446(a), true and correct copies of all process, pleadings, and orders served upon Crosby Valve, LLC are being filed herewith.

17. Pursuant to 28 U.S.C. § 1446(d), Defendant Crosby Valve, LLC is filing written notice of this Notice of Removal with the Superior Court of the State of California for the County of San Francisco concurrently with the filing of this Notice of Removal, and will serve the same on counsel of record. A copy of the Notice of Filing Notice of Removal, in the form in which it will be filed and served, is attached hereto as **EXHIBIT THREE**.

18. WHEREFORE, Defendant Crosby Valve, LLC requests that this Court assume jurisdiction over this matter on removal from the Superior Court of the State of California for the County of San Francisco.

DATED: February 9, 2022                **FOLEY & MANSFIELD, PLLP**

By: _____
Gary D. Sharp, Esq.
T. Eric Sun, Esq.
Andrew L. Sharp, Esq.
Attorneys for Defendant
CROSBY VALVE, LLC

**PROOF OF SERVICE**
**HALE vs. AIR & LIQUID SYSTEMS CORP., et al,**
UNITED STATES DISTRICT COURT, NORTHERN DISTRICT OF CALIFORNIA
San Francisco County Superior Court No.: CGC-21-276981

I am employed in the County of Los Angeles, State of California. I am over the age of 18 and not a party to the within action; my business address is 181 W. Huntington Drive, Monrovia, California 91016.

On February 9, 2022, I filed and served the following document(s): **NOTICE OF REMOVAL.**

KELLER, FISHBACK & JACKSON LLP
Stephen M. Fishback (State Bar No. 191646)
Daniel L. Keller (State Bar No. 191738)
J. Bruce Jackson (State Bar No. 173215)
28720 Canwood Street, Suite 200
Agoura Hills, California 91301

*Attorneys for Plaintiffs*

☒ *(BY COURT'S CM/ECF SYSTEM)* Pursuant to Local Rule, I electronically filed and served the documents with the Clerk of the Court using the CM/ECF systems, and the document will be available for viewing and downloading from the Court's CM/ECF system.

☐ *(BY ELECTRONIC SERVICE VIA FILE & SERVEXPRESS)* Complying with Code of Civil Procedure Section 1010.6, and/or as directed by the Court in this matter, I caused the above-entitled document to be served through File & ServeXpress (formerly LexisNexis) at www.fileandservexpress.com addressed to all parties appearing for the above-entitled case. If the document is provided electronically by 5:00 p.m., then the document will be deemed served on the date it was provided to File & ServeXpress. A copy of the File & ServeXpress Filing Receipt will be maintained with the original document in our office.

☐ *(BY MAIL)* The documents were enclosed in a sealed envelope or package addressed to the persons at the addresses above and placed the envelope for collection and mailing, following our ordinary business practices. I am ready familiar with this business's practice for collecting and processing correspondence for mailing. On the same day that correspondence is placed for collection and mailing, it is deposited in the ordinary course of business with the United States Postal Service, in a sealed envelope with postage fully prepaid.

Executed on **February 9, 2022**, Monrovia, California.

☒ [**FEDERAL**] I declare that I am employed in the office of a member of the bar of this Court at whose direction the service was made.

_____
Christine Sanders

7
PROOF OF SERVICE